Good morning, Your Honors. My name is Avantika Shastri, and I'm representing petitioner, Ms. Alberto Gonzalez-Mendez. Mr. Gonzalez is sitting behind me with his wife and his eldest son. Thank you for allowing us to appear from San Francisco. I'd like to reserve two minutes for rebuttal. I'd like to begin by summarizing our basic two points on appeal, and then I'll discuss each one in more depth. First, we request that the court find that substantial evidence does not The BIA erred in finding, under the statute, the regulations, and the case law, that the documents submitted and Mr. Gonzalez's statements were admissible to prove removability. Even if the documents were admissible, California Health and Safety Code 11350 is an overly broad statute under this court's precedence in reuse at all. None of the documents show that Mr. Gonzalez pled to possessing a controlled substance offense listed under the Controlled Substances Act. Therefore, we ask that the court vacate the removal order and terminate this case, given that the board has already reviewed this issue and the government has had sufficient opportunity to present all available evidence on removability. Second, if the court should find removability, we ask the court to find that the board abused its discretion in denying the motion to reopen. This court has found that the board abuses its discretion if it doesn't consider all the relevant evidence and arguments in a motion to reopen and does not consider the weight and consequences of the evidence presented. In this case, the IJ recognizes this was a very close case, given Mr. Gonzalez Mendez's numerous equities as a 20-year lawful permanent resident of the United States and that he supported his family and children throughout this time. The primary reason for denying this case was whether Mr. Gonzalez showed rehabilitation. In this case, the new evidence that was submitted in the motion to reopen, which was timely, went directly to the point by showing that he successfully completed two intensive treatment programs and, according to an expert evaluation, has a genuine commitment to his rehabilitation and a very low risk of ever reoffending in the future. Ms. Shostek, could we go back to the conviction? Certainly, Your Honor. So if you go to the records, I don't think there's much dispute here that we apply the modified categorical approach. Is that right? That's right, Your Honor. OK, so we have to look at the documents that were in the administrative record before the immigration judge, right? That's right. OK, now, I gather it's your position that if you were to look at these documents, these documents don't show that his conviction under health and safety code section, what is it, 1150A? 11350A. Yeah, 11350A. It doesn't show that the substance in question was cocaine. Is that right? Our position first is, obviously, that the documents are not even admissible because they weren't properly certified or translated. But our secondary argument is that he was. One of these documents back here, there was a stamp by the clerk of court after the register of actions. It says there's a stamp from the clerk of the court. What was that all about? Well, according to the regulations, the government and the statute, the government has to show that this was an original copy from the court's record or a certified copy. In this case, the fact that there is a certification stamp does not itself show that these documents were properly certified by the court. The government's never alleged or there's nothing in the record to show that the government submitted an original certification stamp to the judge or showed one to the judge during the hearing. So we don't believe those are properly certified, even though we did bring this up before during the hearing itself. And the BIA never addressed that issue? No, they didn't. If I could ask, one thing I was confused about, there seemed to be a certification in the record by Thomas P. Malloy, Assistant Chief Counsel, that the records were true and correct, which seemed to comply with the regulatory requirement at 1003.41b, saying that any document that complies with the section and is attested to in writing by an immigration officer to be a true and correct copy of the original is admissible. What was wrong with that, or why do you think that was not adequate? Well, in that certification that was submitted, the government attorney just certified that this was a copy of what was in the Department of Homeland Securities files. He did not certify that that was a copy of what was originally from state records, which are where the original copies are located. Therefore, it's not sufficient under 8 CFR 103.41b, which says that it needs to be a true and correct copy of the original. The original is presumably in state records, not in Department of Homeland Security's records. If we go back to, let's just assume from what we've got these documents in this record. And I gather the IJ said that they were sufficiently reliable. Is that what the IJ said? Well, the IJ during the hearing, yes, found that they were sufficiently reliable, presumably by admitting them and relying upon them. All right, but if you take a look at these documents, one is in Spanish. Is that right? Exactly, Your Honor, without a translation. But if you take that document out of the mix, and you just look at the information, and if you look at the register of actions, it looks like he pled no low contendery to the count and the information. Is that right? What he specifically pled to there was count one health and safety code section 11350. In U.S. v. Vidal, this court found, looked at exactly the same language in the conviction document and found that that wasn't sufficient to find that the defendant had pled, the petitioner had pled to all the factual allegations. In the charging document, there the court said that the plea does not therefore establish that Vidal admitted to all or any of the factual allegations in the complaint because it was missing the language as charged in the information. Excuse me, in Vidal there wasn't really a cross-reference between the plea and the information, whereas here the register of actions, assuming that's admissible and that we can rely on it, says count one. And when I look at count one, it does have the language to it cocaine. So there is that cross-reference that was missing in Vidal. Well, in Vidal itself, it was presumably count one to the charging document filed in that case. So there was the same kind of reference that is here. But even here, if on page, the administrative record, page 350, I believe, it also shows that an information and a complaint was filed in this case. Therefore, he could have actually been pleading as well to count one of an information that was filed not to the complaint, pardon me, to the complaint, not to this information. So again, that's why in U.S. v. Vidal, this court found that you needed that language as charged in the information to specify the factual basis for the plea. I apologize, Your Honor. I'm at two minutes. I'm happy to answer more questions. Otherwise, I reserve my time. That's fine. Thank you. Thank you. Thank you. Good morning. May it please the Court, my name is Brooke Maurer, counsel for respondent, the attorney general. Petitioner, our counsel agrees with the two points raised, the two issues before the court right now are whether the record reflects that Gonzalez-Mendez's conviction was a controlled substance and the record reflects it, and whether or not the board erred in denying the motion to reopen. The government first asserts that the record was sufficient in defining the controlled substance violation as cocaine. And pursuant to this court's findings, there is no, I guess, qualm, I guess. But regarding Ruiz-Vidal. What findings? Well, no, no, no. Because the findings of the immigration judge finding that he had pled guilty to the count, which contrary to what Petitioner asserts, it wasn't necessarily not spoken of. Like on page 351 of the record of excerpts, he basically, the IJ, or not the IJ, the judge found that the defendant entered a guilty plea to count one of the violations, which was a felony. The court accepted the plea and found him guilty to the charges which the defendant pled no contest. Now, I understand also that the piece of paper that had the actual plea agreement that was signed by the petitioner in his native language of Spanish, although it was not translated, it also listed the information as what it was relied upon and to support the charge. Why is that even, why was that even admissible? As in their, I don't know. I don't know as far as like the court records. Did the BIA address that issue? As far as, no, not as the actual Spanish document, no. But the government doesn't believe that that would be, there would be anything of harmless error as the rest of the actual conviction documents would support the holding that the immigration came to, is that he was actually charged with. The IJ, it appears as though the IJ just relied upon the documents to determine that he had been convicted of a. Well, he also noted that the petitioner himself also admitted to the fact that he was. Wait, wait a second. As I read the proceedings before the IJ, the IJ relied upon the documents, is that correct? On the documents, correct, yes. Right, later on when he shows up for a merits hearing on the cancellation for removal, there's all the business about his admitting to his prior convictions and whatnot. But before that point, the IJ had made a determination that he was removable because of the conviction. Correct. Okay, when it gets to the BIA, they say, well, it's not only is it the documents, but it's also his admissions. Correct. In fact, they use the term in conjunction with. Yes. Right? Yes, they looked at the- Under our case law, they can't rely upon the admissions of the petitioner in the immigration hearing. Well, that wasn't the sole purpose upon which they relied, is the information clearly stated that he was in there. And it wasn't, contrary to Ruiz-Vidal, where the petitioner actually pled to a charge that was not even listed in the information. That's completely different than here. There were no additional charges or alternate charges that petitioner suggests, nor that are in the record that he could have pled to outside of charge two, which was clearly dropped. Furthermore, the board noted that- That suggested it might have been a plea bargain, correct? For the bottom one, correct. Like if he would have pled out, it would have been dropped. As he pled no low to it, but the government asserts that the records relied upon were sufficient to establish that he had controlled substance violation, which rendered him removable. What, do you think that our recent case that came down last week called Young versus Holder, do you think that has any impact on any of the issues in this case? The Holding and Young looked at the statute, which was 1152A, and it stated that it was overbroad. In that statute, there were far more than just one piece of action or action that could have been held and I believe the petitioner in that case pled guilty to a wide array of trafficking and or soliciting and or, whereas here, the charges clearly state that the only thing that was in there is he willfully and lawfully had in his possession a controlled substance, two-wit cocaine. There was no additional language as President Young, so the government finds that that case would be distinguishable. Turning to the motion to reopen, the petitioner presented evidence to support his rehabilitation and the board found that that was not sufficient to support the motion to warrant reopening and the government submits that the board did not abuse its discretion as the record, or the actual evidence itself shown, like as he said, was not enough to support reopening and specifically, in the record, even by his own admission, the doctor treating him stated that he was in an 18-month, this would be on page, it was excerpt, I believe, 66, page 66 of the record. He began a treatment program and got through 14 months before he was arrested, but despite his good attendance, he actually was arrested for his controlled substance offense in 2006 and then now he has completed the last four months and he had been absent for 15 months, but large portions of that time, he actually was, in fact, in custody, so the sum of the evidence would support the board's finding that the evidence was not enough as he re-offended after 14 years of the 18-month program and then went back for only the final four and that alone was insufficient to warrant reopening. Does the court have any further questions of counsel? Okay, then I'll submit that first. All right, thank you. So I just wanted to point out in rebuttal to the government's comments here is that the language in Vidal, which was reaffirmed in Young, was very clear that when you've got an overly broad statute and you've got a charging document and a conviction, then it's very important that the judgment must contain the critical phrase as charged in the information, exactly so that in a case like this, it can be clarified that he, in fact, pled to the substance, the factual allegations in the complaint, which is what's necessary for the government to meet their burden in these cases of showing by clear and convincing evidence that he's removable as charged. In reference to not relying on admissions, I just wanted to draw the court's attention to the case of Toccotti in which this court found that the petitioner's admissions in an application for relief could not be used to establish elements in regards to removability. And also in regards to the government's argument that there's a lack of other charges, well, in this case, the lack of other charges fails to prove that he, in fact, pled to the substance that was charged in the information. Getting back to the admissions, what's the impact of the Supreme Court's decision in Nijawan which indicates that in an immigration proceeding, which is a civil proceeding, there may be a different approach to what evidence is admissible than in a criminal proceeding under the modified categorical? Does that open the door for allowing admissions and other evidence as long as it's admissible under immigration rules? It would if the substance at issue were kind of a, is a description in the INA, but it's a fundamental element in this case. In order to find a violation of this removal ground, you have to find that the person was convicted of a controlled substance under the Controlled Substances Act. So it's not something that, it's something that the government must prove. It's not something that you can otherwise look in the record to find. So you would say that language in Nijawan is limited to a facts and circumstances type situation? Yes, and that this ground of removal doesn't present that kind of case. It's not analogous to the aggravated felony grounds where the Supreme Court found that to be true in Nijawan. And then just lastly, I wanted to say in regards to the application for relief that, again, this was new evidence that he was submitting in regards to respond to the prior concerns of the board and the immigration judge in regards to this case. The fact that this case had previously denied is not in dispute. It's that this new evidence was meant to point out the new factors that the board could have considered and to simply dismiss it as too little without recognizing that this was a very close case in the first place does not show that the board fully considered the weight and consequences of this evidence. Okay. Thank you. We appreciate your argument. Gonzalez-Mendez versus Holder is submitted. Thank you.
judges: Fletcher B. , Paez, Ikuta